IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARL DAVIS VAUGHN, JR.,            )
                                   )
              Plaintiff,           )
                                   )
       v.                          )    1:23CV1031
                                   )
DUKE ENERGY CAROLINAS, LLC, and    )
CFO-BRIAN D. SAVOY,                )
                                   )
              Defendants.          )
```

### MEMORANDUM ORDER

This case is before the court on a motion to dismiss filed by Defendants Duke Energy Carolinas, LLC ("Duke Energy") and Brian D. Savoy. (Doc. 16.) While the motion was pending, Plaintiff Carl Davis Vaughn, Jr. submitted a flurry of filings that included a "Motion for Removal Due to Mandatory Arbitration Clause" (Doc. 23); a "Motion for Removal with Prejudice to Compel Arbitration" (Doc. 25); and a notice entitled "DEMAND FOR THE BONDS OF ALL PARTIES INVOLVED FOR THE INJURIES, NEGLIGENCE, AND HARM CAUSED." (Doc. 28.) For the reasons set forth below, Defendants' motion to dismiss will be granted, which renders Vaughn's filings moot.

### I. BACKGROUND

Vaughn brought this action in the General Court of Justice of Durham County, District Court Division, and labeled it a "Complaint for Breach of Contract and Discrimination Civil Rights Violation." (Doc. 1-2.) After Defendants filed a motion to dismiss Vaughn's

complaint (Doc. 1-5), Vaughn filed a rambling, incoherent amended complaint citing a multiple federal laws, none of which have any apparent connection to him.  (Doc. 1-4.)

Defendants removed the action to this court, based on federal question jurisdiction, and filed a motion to dismiss the amended complaint. (Docs. 1, 16.)  Defendants contend that Vaughn has not properly served either of them.  (Doc. 17 at 6-8.)

On December 27, 2023, the court issued Vaughn a Roseboro[1] letter informing him of Defendants' motion to dismiss and his right to file a timely response containing "a concise statement of reasons for [his] opposition and a citation of authorities upon which [he would] rely." (Doc. 18.)  The letter advised Vaughn:

> Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the respondent's contentions are undisputed. . . . Therefore, unless you file a response in opposition to the respondent's motion, it is likely your case will be dismissed, or summary judgment will be granted in favor of the respondent.

(Id.)

Vaughn filed a variety of documents with the court following this letter, but each filing is incomprehensible and fails to address Defendants' motion to dismiss or the sufficiency of his

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(per curiam).

attempts to serve them.[2] (Docs. 19, 20, 21, 23, 25, 26, 28.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 4(c)(1) requires that a summons and a copy of the complaint be served on each defendant. Rule 4(h)(1)(A) provides that a limited liability company, as an unincorporated association, may be served consistent with Rule 4(e)(1), which permits service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. (4)(e)(1). North Carolina law provides that an unincorporated association is properly served by: (1) "delivering a copy of the summons and of the complaint to an officer, director, managing agent or member of the governing body of the unincorporated association" or by leaving the summons and complaint "in the office of such officer, director, or managing agent or member of the governing body with the person who is apparently in charge of the office;" (2) "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or

---

[2] One of Vaughn's filings appears to request a remand to state court and alleges "federal law claims are no longer in the case." (Doc. 21 at 1.) As Defendants point out, that claim is false. (Doc. 22 at ¶¶ 1-2.) Vaughn's amended complaint asserts a litany of federal claims including a purported violation of the "Civil Rights Act of 1964." (Doc. 7 ¶ 8.) Therefore, the court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

3

the party in a manner specified by any statute;" (3) "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent or member of the governing body to be served;" or (4) "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, agent, or member of the governing body to be served . . . , delivering [it] to the addressee, and obtaining a delivery receipt."  N.C. Gen. Stat. § 1A-1, Rule 4(j)(8).

A natural person may be served by, among other things, "delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute"; "mailing a copy of the summons and of the complaint, registered mail, return receipt requested, addressed to the party to be served, and delivering to the addressee"; and "mailing a copy of the summons and of the complaint by signature confirmation as provide by the United States Postal Service, addressed to the party to be served, and delivering to

4

the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a)-(c), (e).

Importantly, the Federal Rules of Civil Procedure also require proof of service. Rule 4(l)(1) dictates that "[u]nless service is waived, proof of service must be made to the court," and unless service is performed by a United States marshal or deputy marshal, said "proof must be by the server's affidavit." Fed. R. Civ. P. (4)(l)(1). North Carolina also requires proof of service "[w]here the defendant appears in the action and challenges the service of the summons upon him." N.C. Gen. Stat. § 1-75.10(a).

Service of process statutes are strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. See Armco, Inc. V. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (noting that the rules governing service "are there to be followed, and plain requirements for the means of effective service of process may not be ignored"); In re Newbrook Shipping Corp., 31 F.4th 889, 897 (4th Cir. 2022) (observing that providing "actual notice" of a lawsuit without delivering process to an appropriate recipient designated by Rule 4 of the Federal Rules of Civil Procedure fails to satisfy the service requirement). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal

5

jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, 733 F.2d at 1089). As this court has previously explained:

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't, No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005)).

Vaughn appears pro se. Thus, his complaint "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citations omitted). But the liberal construction of a pro se litigant's filing does not require the court to ignore clear defects in it. Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009). Or to become an advocate for the pro se party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, pro se parties are expected to

comply with applicable procedural rules.  See Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 715-16 (M.D.N.C. 2020) (requiring pro se plaintiff to comply with the Federal Rules of Civil Procedure); M.D.N.C. L.R. 11.1(a) (requiring pro se litigants to comply with the Federal Rules of Civil Procedure, the court's Local Rules, "and all other applicable law").

Here, Defendants are correct that Vaughn has not demonstrated that he has properly served either of them.[3]  Nowhere has Vaughn provided an affidavit that he has properly served the summons and complaint to initiate the action against the Defendants.  In a "certificate of service" appended to the end of Vaughn's amended complaint, Vaughn stated the following:

> I hereby certify that I have this day served a copy of this foregoing NOTICE OF SPECIAL APPEARANCE OF POWER OF ATTORNEY (AIF) FOR PLAINTIFF AND FILED THIS AMENDED COMPLAINT on the Parties in this action by United States priority mail, postage pre-paid and certified mail return receipt, as follows:
>
> Duke Energy Carolinas, LLC.
> 526 South Church Street
> Charlotte, North Carolina 28202
>
> CFO Brian D. Savoy.
> Defendants

(Doc. 7 at 11.)  The "certificate of service" fails for a number of reasons, most principally because it does not indicate proper

---

[3] "Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." Moseley v. Fillmore Co., 725 F. Supp. 2d 549, 558 (W.D.N.C. 2010).

7

service of the summons and complaint or provide proof of actual service by return receipt signatures.

Moreover, the Federal Rules of Civil Procedure required Vaughn to serve Duke Energy by delivering process to its "officer," "managing or general agent," "or any other agent authorized . . . to receive service of process" on its behalf, or by serving Duke Energy in accord with North Carolina's rules. Fed. R. Civ. P. 4(h)(1). There is no proof that Vaughn served Duke Energy by directing the summons and complaint to any of these statutorily required agents; Vaughn's certificate reads that it served only "Duke Energy Carolinas, LLC." (Doc. 8; see also Doc. 7 at 11.) It was not addressed to any proper recipient permitted by North Carolina's rules. N.C. Gen. Stat. § 1A-1, Rule 4(j)(8). Neither Vaughn's pro se status nor the fact that Duke Energy may have received actual notice of the lawsuit remedies this defect. See Shaver, 2008 WL 942560, at *2 (stating that service rules "apply equally to litigants proceeding with or without counsel" and that "courts are directed not to overlook procedural deficiencies just because actual notice occurred"); In re Newbrook Shipping Corp., 31 F.4th 889, 897 (4th Cir. 2022) (observing that providing "actual notice" of a lawsuit without delivering process to an appropriate recipient designated by Rule 4 of the Federal Rules of Civil Procedure fails to satisfy the service requirement); Armco, 733 F.2d at 1089 (noting that the rules governing service "are there

8

to be followed, and plain requirements for the means of effecting service of process may not be ignored"). Because Vaughn failed to deliver process to a statutorily authorized recipient, he failed to properly serve Duke Energy, and the court lacks personal jurisdiction over it.

Vaughn's attempt to serve Savoy fares no better. Not only is there no proper proof of service, Vaughn apparently claims to have attempted to serve Savoy by mailing copies of the summons and complaint to him at Duke Energy via the same mailing he used to attempt to serve Duke Energy. (Docs. 1-1; 17 at 7.)[4] There is no indication that Vaughn served Savoy with the summons and complaint by any authorized method, and no proof of signature has been provided.

Because Vaughn has failed to demonstrate that he has properly served Defendants, the court lacks personal jurisdiction over them. Koehler, 152 F.3d at 306. It therefore may not proceed to the merits of Vaughn's claims. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation omitted). Accordingly, the amended complaint against Defendants will be dismissed without prejudice, and all of Vaughn's motions will be denied as moot.

Although Vaughn's amended complaint is being dismissed at

---

[4] Duke relies on Greenup v. Register, 410 S.E.2d 398, 400 (N.C. Ct. App. 1991), which is not on point, as the problem there was that the summons and complaint were served on the defendant's brother at the defendant's place of business, and not on the defendant.

this time on procedural grounds, having reviewed the docket in this case the court would be remiss not to caution Vaughn that by filing an action in federal court, he represents that his "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that his "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). His contentions in this case fail this most basic requirement. Violations of Rule 11 are punishable through sanctions, and pro se litigants who file frivolous or repetitive lawsuits may be subject to "any and all appropriate sanctions for their misconduct." Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1077 (E.D. Va. 1991). Vaughn is cautioned that he cannot continue to file motions and materials lacking in factual and legal basis.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 16) is GRANTED and the amended complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all remaining motions and any filing that could be construed as a motion (Docs. 19, 20, 21, 23, 25, 26, 28) are DENIED AS MOOT.

10

/s/   Thomas D. Schroeder
                                       United States District Judge

July 18, 2025